UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KYNTREL JACKSON, *also known as*
SINISTER DAEVAYASNAHAM GOD,
*et al.*,

               Plaintiffs,

        v.

US BANKRUPTCY COURT CLERK
FOR THE CITY OF TACOMA, *et al.*,

               Defendants.

CASE NO. 3:19-cv-5475-RBL-JRC

REPORT AND RECOMMENDATION

NOTED FOR: **JULY 12, 2019**

      The District Court has referred this matter filed under 42 U.S.C. § 1983 to the undersigned, as authorized by 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. *See* Dkts. 4, 5. This case is before the Court on plaintiff Kyntrel Jackson's, plaintiff Daniel Simms', and proposed class members John Fecteau's and Blake Suess' motions to proceed *in forma pauperis*.

      Plaintiffs and the proposed class members allege injuries including violations of their constitutional rights under § 1983 and request that this Court grant class certification. The Court

recommends that plaintiffs' request for class certification be denied because, by definition, a *pro se* prisoner cannot adequately represent a class and that each plaintiff and proposed class member be required to proceed with his own civil action that asserts his own individual claims.

## BACKGROUND

Plaintiffs, Jackson and Simms, are incarcerated at Washington Corrections Center and Clallum Bay Corrections Center ("CBCC"), respectively. *See* Dkt. 1-1, at 4–5. They have filed motions to proceed *in forma pauperis* and a proposed class action complaint alleging that various Department of Corrections ("DOC") officials and the clerk of the United States Bankruptcy Court for the Western District of Washington violated their rights under the U.S. Constitution.[1] *See* Dkt. 1-1. They seek to represent a class of at least three, including proposed class members Blake Suess, Bert Holmes, and John Fecteau, as well as all others similarly situated. *See* Dkt. 1-1, at 4, 7. Mr. Fecteau and Mr. Suess have also filed motions for leave to proceed *in forma pauperis*. *See* Dkts. 3, 11.

The proposed complaint includes allegations that plaintiffs and the proposed class members "wrote to the U.S. Bankruptcy court clerk in Tacoma, Washington in April 2019 to receive" a bankruptcy form but that the clerk refused to mail them the form, instead directing them to the U.S. Court website. Dkt. 1-1, at 7. Plaintiffs and the proposed class members appear to argue that because they are prisoners and have no internet access or other way to obtain the form, failure to provide them with the form prejudiced their abilities to timely bring bankruptcy petitions against the DOC. *See* Dkt. 1-1, at 8. They allege that this amounted to a violation of their right to access the courts under the "1st, 5th, & 14th" amendments, as well as negligence.

---

[1] Plaintiff Jackson also included an unsigned, proposed motion for appointment of counsel, which is not before the Court. *See* Dkt. 1-2.

1  *See* Dkt. 1-1, at 8.  They seek damages and a declaratory judgment stating that the bankruptcy

2  court clerk must provide the form upon request to those without internet access.  *See* Dkt. 1-1, at

3  8.

4      Plaintiffs and the proposed class members further allege that various defendants who

5  worked at CBCC or DOC headquarters refused to provide plaintiff Jackson with the bankruptcy

6  form.  *See* Dkt. 1-1, at 9–10.  They also allege that defendant Erickson refused to provide

7  plaintiff Simms with the bankruptcy form on a later date.  *See* Dkt. 1-1, at 10.  Plaintiffs Jackson

8  and Simms allege that they both filed grievances regarding these actions.  *See* Dkt. 1-1, at 11.  In

9  addition, the proposed class members were allegedly prevented from participating in the

10  grievance process by a DOC policy barring group demonstrations.  *See* Dkt. 1-1, at 11.  Plaintiffs

11  and the proposed class members allege that these actions, as well, violated the First, Fifth, and

12  Fourteenth Amendments.  *See* Dkt. 1-1, at 9, 11.

13      Plaintiffs and the proposed class members also allege that "[]DOC Defend[a]nts" opened

14  their incoming legal mail, which they claim violated DOC policy and the First, Fifth, and

15  Fourteenth Amendments and constituted tortious invasion of privacy and private nuisance.  *See*

16  Dkt. 1-1, at 11–12.  Finally, plaintiff Simms appears to assert that defendant Erickson violated

17  Simms' right to "adequately prosecut[e] claims for the Conditions of Confinement" by refusing

18  to provide a list of legal experts on request.  *See* Dkt. 1-1, at 13.

19      Plaintiffs and the proposed class members seek damages and injunctive relief, asking the

20  Court to require the DOC defendants to "provide all legal forms, payment of filing fees, payment

21  of all costs & expen[s]es & attorney fees."  *See* Dkt. 1-1, at 15.

22  ///

23  ///

24

1

## DISCUSSION

2

### I. General Principles

3    At any time, this Court has authority to dismiss an action brought by a plaintiff who

4    proceeds or seeks to proceed *in forma pauperis*, if the action is frivolous or malicious, fails to

5    state a claim upon which relief can be granted, or seeks monetary relief against an immune

6    defendant. *See* 28 U.S.C. § 1915(e)(2)(b).

7    "At an early practicable time after a person sues or is sued as a class representative, the

8    court must determine by order whether to certify the action as a class action." Fed. R. Civ. P.

9    23(c)(1)(A). Under Federal Rule of Civil Procedure 23(a), the proponent of class certification

10   must demonstrate that (1) "the class is so numerous that joinder of all members is impracticable,"

11   (2) "there are questions of law or fact common to the class," (3) "the claims . . . of the

12   representative parties are typical of the claims . . . of the class," and (4) "the representative

13   parties will fairly and adequately protect the interests of the class."

14   ### II. Class Certification

15   Plaintiffs request that this matter proceed as a class action, in which plaintiffs would

16   represent a class consisting of Mr. Suess, Mr. Holmes, Mr. Fecteau, and "all other same

17   situ[ated]" persons. *See* Dkt. 1-1, at 7.

18   A class action lawsuit cannot proceed with *pro se* lead plaintiffs. First, the privilege to

19   proceed *pro se* does not allow one to appear as an attorney for others. *See McShane v. United*

20   *States*, 366 F.2d 286, 288 (9th Cir. 1966). Second, a *pro se* lead plaintiff cannot fairly and

21   adequately protect the interest of the class, as required to certify the class. *See Oxendine v.*

22   *Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); Fed. R. Civ. P. 23(a)(4). This bars the Court

23

24

1  from allowing plaintiffs to proceed in this matter as a class action. *Accord Malone v. Strong*,

2  3:16-cv-05284-RBL-DWC, 2016 WL 3546037, at *2 (W.D. Wash. May 20, 2016).

3  Therefore, the undersigned recommends that plaintiffs' request to certify this matter as a

4  class action be denied without prejudice, meaning that it may be renewed at a later date, upon a

5  proper showing that the requirements of Federal Rule of Civil Procedure 23 have been satisfied.

6  **III. Severance**

7  This Court may *sua sponte* correct a misjoinder of parties or claims by adding or

8  dropping a party or severing any claim. *See* Fed. R. Civ. P. 21. Having determined that class

9  certification is not appropriate, the Court next examines whether these claims should be severed.

10  "Persons may join in one action as plaintiffs if . . . they assert any right to relief jointly,

11  severally, or in the alternative with respect to or arising out of the same transaction, occurrence,

12  or series of transactions or occurrences" and "any question of law or fact common to all plaintiffs

13  will arise in the action." Fed. R. Civ. P. 20(a)(1). "Even once these requirements are met, a

14  district court must examine whether permissive joinder would 'comport with the principles of

15  fundamental fairness' or would result in prejudice to either side." *Coleman v. Quaker Oats Co.*,

16  232 F.3d 1271, 1296 (9th Cir. 2000) (quoting *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d

17  1371, 1375 (9th Cir. 1980)).

18  Here, plaintiffs and the proposed class members assert at least one common question of

19  law arising out of the same transaction—they all claim that the bankruptcy clerk's alleged refusal

20  to provide a paper copy of a bankruptcy form in response to their joint request violated their

21  constitutional rights and amounted to negligence. *See* Dkt. 1-1, at 7–8. However, it is also

22  appropriate for this Court to consider whether joinder will facilitate prompt and efficient

23  disposition of the litigation given the real challenges unique in *pro se* prisoner cases. *Accord*

24

1  *Malone*, 2016 WL 3546037, at *2–*3.  The Court notes several practical difficulties present in

2  this case.

3       First, two prisoners—plaintiff Jackson and proposed class member Fecteau—have been

4  transferred out of CBCC, to separate institutions.  *See* Dkt.  That two of the five prisoners have

5  already been transferred from their institution within less than one month of initiating this matter

6  underscores an impracticability of multi-plaintiff prisoner litigation—the prospect that co-

7  plaintiffs can be transferred during litigation, making joint action problematic and leading to

8  delay that is prejudicial to all.  *See Seely v. Baca*, 3:15-cv-00118-MMD-VPC, 2016 WL 829915,

9  at *2 (D. Nev. Mar. 1, 2016); *Davis v. United States*, No. 1:07-cv-00936-LJO-SMS PC, 2007

10  WL 2225791, at *1 (E.D. Cal. July 31, 2007).  Indeed, even when prisoner-plaintiffs are housed

11  in the same facility, coordination "would presumably be difficult in light of restrictions on

12  interpersonal communication within a detention facility."  *Pinson v. Whetsel*, No. CIV-06-1372-

13  F, 2007 WL 428191, at *1 (W.D. Okla. Feb. 1, 2007); *see also Claxton v. Ryan*, No. CV 11-934-

14  PHX-GMS (ECV), 2011 WL 2533554, at *1 (D. Ariz. June 27, 2011) (discussing security

15  concerns limiting prisoner correspondence and face-to-face communications and severing

16  prisoner actions).

17       Second, each plaintiff must individually sign each individual court document, so that

18  individual plaintiffs do not engage in the unauthorized practice of law by signing on behalf of

19  another.  This not only presents the likelihood of undue delay but also poses the risk that "neither

20  the Court nor any litigant has any way of knowing whether [subsequent plaintiffs] to sign the

21  document altered it in some way . . . until it is served on each plaintiff at the same time it is

22  served on the Court."  *Osterloth v. Hopwood*, No. CV 06 152 M JCL, 2006 WL 3337505, at *4

23  (D. Mont. Nov. 15, 2006).

24

1        Third, Federal Rule of Civil Procedure 5 requires that each plaintiff serve documents

2  including pleadings and motions, on each party.  *See* Fed. R. Civ. P. 5(a)(1).  This will create

3  considerable expense for *pro se* plaintiffs where multiple other plaintiffs must be served.  *See*

4  *Osterloh*, 2006 WL 3337505, at *5.

5        Fourth, although not yet addressed by the Ninth Circuit Court of Appeals, this Court

6  agrees with the decisions of other district courts in the Ninth Circuit—and a decision from this

7  District—that joinder of *pro se* prisoner plaintiffs is incongruous with the PLRA.  Specifically,

8  permissive joinder in such cases creates conflict between the PLRA's requirement that each

9  plaintiff pay the full filing fee, even if proceeding *in forma pauperis*, and the PLRA's prohibition

10  that "[i]n no event shall the filing fee collected exceed the amount of fees permitted by statute for

11  the commencement of a civil action[.]"  28 U.S.C. §§ 1914(a), 1915(b)(1), (3); *see, e.g.*, *Pitts v.*

12  *Ige*, Civ. No. 18-00470 LEK-RT, 2019 WL 1441599, at *4 (D. Haw. Apr. 1, 2019); *Surrell v.*

13  *Gilliard*, 2:19-cv-0261-EFB P, 2019 WL 916766, at *1 (E.D. Cal. Feb. 25, 2019); *Malone*, 2016

14  WL 3546037, at *2 n.1.; *Treglia v. Kernan*, No. C 12-2522 LHK (PR), 2013 WL 1502157, at *1

15  (N.D. Cal. Apr. 11, 2013); *Osterloh*, 2006 WL 3337505, at *3.  If this Court collects the full

16  filing fee from each plaintiff—which "courts have agreed" is necessary "[i]n order not to

17  undermine the PLRA's deterrent purpose"—then the Court will be collecting more than the

18  amount permitted by § 1915(b)(3) for commencement of the action.  *Surrell*, 2019 WL 916766,

19  at *1.

20        For these reasons, the Court recommends severing this action into five separate actions—

21  one for each plaintiff and proposed class member—pursuant to Federal Rule of Civil Procedure

22  21.

23  ///

24

1

**V.  Conclusion and Recommendation**

2      The undersigned recommends denying the request to certify this matter as a class action

3 without prejudice and severing this action into five separate actions.  In light of the foregoing,

4 the undersigned recommends the entry of an order—

5      (1) dismissing the claims of Daniel Simms, Blake Suess, Bert Holmes, and John Fecteau

6 from cause number 3:19-cv-05475 without prejudice;

7      (2) directing the Clerk to open individual cases for Daniel Simms, Blake Suess, Bert

8 Holmes, and John Fecteau and, in each case, to docket this order and the appropriate individual's

9 *in forma pauperis* application (or, if no *in forma pauperis* application, the clerk's deficiency

10 letter directing that individual to pay the filing fee or to submit such an application) from this

11 matter (*see* Dkts. 2, 3, 5, 11);

12      (3) directing plaintiff Kyntrel Jackson to file a new proposed complaint in this matter

13 within 30 days of the District Court's order.  The new proposed complaint must include only

14 claims, arguments, and defendants specific to plaintiff Jackson;

15      (4) directing Daniel Simms, Blake Suess, and John Fecteau to file new proposed

16 complaints in support of their individual *in forma pauperis* applications within 30 days of the

17 District Court's order and under the new cause numbers assigned to each individual.  Each

18 proposed complaint must include only arguments, claims, and defendants specific to the

19 particular prisoner-plaintiff in that action; and

20      (5) directing the Clerk to assign each new case to District Judge Leighton and to refer the

21 case to Magistrate Judge Creatura.

22      Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

23 fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

24

6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge (*see* 28 U.S.C. § 636(b)(1)(C)) and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **July 12, 2019,** as noted in the caption.

      Dated this 26th day of June, 2019.

J. Richard Creatura
United States Magistrate Judge